IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENDRICK DANE SELLERS,

                Plaintiff,

v.                                            OPINION and ORDER

MADISON POLICE DEPARTMENT           22-cv-637-wmc[1]
and ANDREW PULLUM,

                Defendants.

---

Pro se plaintiff Kendrick Dane Sellers is incarcerated at Oshkosh Correctional Institution. Sellers claims that Madison police officer Andrew Pullum stole money from him. He seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee. Although Sellers listed Richard Reynolds as co-plaintiff, Reynolds did not make an initial partial payment of the filing fee and is no longer a plaintiff in this case.

Sellers has filed a complaint and three supplements. Dkt. 1, 6, 7, 14. I will screen the allegations in these documents together and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that this case must be dismissed.[2]

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

[2] Sellers has also filed a request for a temporary restraining order and a motion for counsel, Dkt. 4, 8, which I will deny as moot.

ALLEGATIONS OF FACT

In 2014, Sellers met Madison police officer Pullum in an apartment, where they talked about "investing a large amount of money." Dkt. 1 at 2. Pullum then robbed Sellers of his life savings at gunpoint. At the time, Pullum was in uniform, but Sellers did not believe he was a police officer because of his conduct. Sellers told federal agents about the robbery, and unsuccessfully "tried to get [Pullum] to rob [him] again, this time with an ATF agent." Dkt. 7 at 2. Pullum was prosecuted in 2015 for robbery by the FBI. Sellers says that he learned in 2022 that Pullum was a police officer, and seeks compensatory, punitive, and nominal damages.

ANALYSIS

Sellers claims that a city police officer stole money from him and indicates that he is suing under federal law. These allegations implicate Sellers's due process rights under the Fourteenth Amendment, which prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To prevail on a procedural due process claim, a plaintiff's allegations must demonstrate that he: (1) has a cognizable interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010).

Sellers describes an act of wrongdoing by a government actor and he alleges an interest in the personal property taken from him, but he cannot proceed on a due process claim. Wisconsin affords statutory procedures to address random, unauthorized deprivations of property by government actors. *See* Wis. Stat. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); 893.51 (action for damages for

2

wrongful taking of personal property); 893.52 (action for damages for injury to property); *cf. Wolf-Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from a sheriff's execution of an outdated writ of restitution). Because Sellers fails to allege that that Wisconsin's post-deprivation statutory remedies are inadequate to address to his loss, he has failed to state a viable due process claim. Although Sellers may have a state-law claim, I will not exercise supplemental jurisdiction over any related state-law claim without a viable federal claim. *See* 28 U.S.C. § 1367(c)(3).

Sellers also names the Madison Police Department and the City of Madison as defendants. Dkt. 1, 14. The police department may not be sued under 28 U.S.C. § 1983. *See Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) (police department is not a suable entity under § 1983). As for the City of Madison, Sellers would hold it responsible for Pullum's theft as the officer's employer. Dkt. 14. But Sellers does not allege that his constitutional rights were violated because of an official city policy, practice or custom, and has failed to state a constitution claim in any event. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (a municipality may be sued directly if it is alleged to have violated the plaintiff's constitutional rights through a policy, practice or custom).

I see no way that Sellers could transform his allegations into a due process or other federal claim, so I will not provide him with an opportunity to amend his complaint. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile"). Because Sellers has failed to state a federal claim, I will direct the clerk of court to record a strike against him under 28 U.S.C. § 1915(g). *Cf. Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1076, n.1 (E.D. Wis. 1999) ("for purposes of § 1915(g) and the federal lawsuits it was designed to curtail, the dismissal of a

pendant state law claim without prejudice is a non-event and should not factor into the 'strike' analysis"). As Sellers may be aware, a prisoner plaintiff who has accumulated three strikes "while incarcerated or detained in any facility" cannot proceed in forma pauperis, that is, as one not required to prepay the full filing fee, unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Kendrick Dane Sellers is DENIED leave to proceed and his complaint is DISMISSED.

2. Plaintiff's motion for a temporary restraining order, Dkt. 8, and his motion for counsel, Dkt. 4, are DENIED as moot.

3. The clerk of court is directed to enter judgment for defendant and close this case.

4. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered January 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge